

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-22-2007

# In Re: Louis Tyler

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3274

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"In Re: Louis Tyler " (2007). *2007 Decisions.* Paper 551.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/551

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-3274
_____

IN RE: LOUIS C. TYLER,

Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to Civ. No. 07-cv-02077)

_____

Submitted Under Rule 21, Fed. R. App. P.
August 2, 2007

BEFORE:   SLOVITER, CHAGARES AND COWEN, CIRCUIT JUDGES.

(Filed: August 22, 2007)

_____

OPINION
_____

PER CURIAM

        Louis C. Tyler, a state inmate, petitions for a writ of mandamus pursuant to

28 U.S.C. § 1651 requiring the District Judge to act on a June 3, 2007, motion for

reconsideration in relation to a petition for a writ of habeas corpus sought on May 14,

2007.

Mandamus is a drastic remedy granted only in extraordinary cases. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). The petitioner must establish that she has "no other adequate means" to obtain relief and that she has a "clear and indisputable" right to issuance of the writ, and the reviewing court must determine that the writ is appropriate under the circumstances. Id. at 378-79. District courts are generally given discretion over management of their dockets. See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817-18 (3d Cir. 1982). Only when undue delay is tantamount to a failure to exercise jurisdiction does it provide grounds for issuance of a writ of mandamus. See Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

Here, Tyler filed the instant mandamus petition in this court on July 30, 2007, just 45 days after he had filed the motion for reconsideration on which he wishes the District Court to rule. Such routine delay falls well short of what might support issuance of a writ of mandamus by this Court. See id. (more than 130 days without ruling on a Magistrate Judge's Report and Recommendation regarding a petition for writ of habeas corpus not grounds for issuing writ of mandamus).

For the foregoing reasons, the petition for a writ of mandamus is denied.

2